UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARETHA C. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> FIRST NATIONAL COLLECTION BUREAU, INC., <br><br> Defendant. | Case No.: 1:19-cv-02142 <br><br> Honorable Judge Sharon J. Coleman |

## FIRST AMENDED COMPLAINT

**NOW COMES** Saretha C. Williams ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of First National Collection Bureau, Inc., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in the Northern District of Illinois and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a collection agency with its business office located at 50 West Liberty Street, Suite 250, Reno, Nevada 89501. Defendant is a debt collector whose primary business is the collection or the attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas.

6. Defendant acted through its agents, employees, vendors, third-party contractors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the actions giving rise to this claim, Plaintiff defaulted on a Washington Mutual Bank account in the amount of $2,021.29 ("subject debt").

8. While Plaintiff was in default, Defendant acquired the right to collect or attempt to collect on the subject debt.

9. On September 28, 2018, Plaintiff received a collection letter from Defendant attempting to collect the subject debt. *See* Exhibit A, a true and correct copy of Defendant's dunning letter sent to Plaintiff dated September 28, 2018.

10. Included within Defendant's collection letter is a portion which reads: "**This is to advise you that a judgment has been entered against you. The judgment against you has been placed with our office for collection by our client LVNV Funding, LLC.**"

11. Despite Defendant's contention that a collectable Judgment has been entered against Plaintiff, Defendant's Judgment was not collectable, as it was filed in the wrong county.

12. Defendant's collection letter caused Plaintiff to reasonably believe that imminent legal action was going to be taken if she did not pay the subject debt immediately and that a collectable judgment was entered against her.

13. Moreover, Defendant attempted to mislead and deceive Plaintiff into believing that a collectable judgment was entered against Plaintiff in order to induce payment on the subject debt.

14. Defendant had no intention on filing any legal actions against Plaintiff and there was no collectable judgment entered against Plaintiff. Rather, Defendant attempted to dragoon Plaintiff into making a payment on the subject debt by way of coercion.

### DAMAGES

15. Concerned by the nature of Defendant's collection letter, Plaintiff spoke with Sulaiman regarding its conduct.

16. Further, Plaintiff has been confused and misled by Defendant's conduct.

17. Plaintiff has suffered from emotional distress and anxiety as she believed Defendant entered a valid judgment against her.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

3

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff was made in connection with the collection of the subject debt.

### a. Violations of FDCPA § 1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §1692e, e(5), and e(10) by using false, deceptive, and misleading representations in connection to the collection of the subject debt. Defendant's collection letter falsely communicated to Plaintiff that a judgment has been entered against her when in fact no collectable judgment was entered against her.

4

28. Defendant violated §1692e(5) when it threatened to take legal action against Plaintiff, when it had no intentions on taking such actions and took no legal actions, as Defendant could not collect on the Judgment entered. Defendant threatened to file a lawsuit against Plaintiff if she did not resolve the subject debt and stated that a valid judgment was entered against Plaintiff. Defendant used such false threats to deceive Plaintiff into making a payment on the subject debt when it had no intentions on taking any legal actions against Plaintiff.

29. Defendant violated §1692e(10) by using false representations and deceptive means to attempt to collect the subject debt from Plaintiff personally. Defendant's collection letter erroneously and deceptively indicated that a valid judgment had been entered against Plaintiff when no such judgment existed, as the judgment against Plaintiff was filed in the wrong jurisdiction. Plaintiff was falsely led to believe that a collectable judgment was entered against her and that immediate payment on the subject debt was the only way to satisfy the judgment.

    b. **Violations of FDCPA § 1692f**

30. Defendant violated §1692f by using unfair and unconscionable means to collect on the subject debt. Specifically, Defendant's collection letter threatens legal actions against Plaintiff if the subject debt was not satisfied and falsely stated that a collectable judgment was entered against Plaintiff. Defendant's conduct was unfair because it used such threats to worry Plaintiff into making a payment on the subject debt

**WHEREFORE**, Plaintiff, SARETHA C. WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 27, 2019                               Respectfully Submitted,

/s/ Marwan R. Daher                                 /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                               Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                             *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200               South Highland Avenue, Suite 200
Lombard, IL 60148                                   Lombard, IL 60148
Telephone: (630) 537-1770                           Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                              osulaiman@sulaimanlaw.com