**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SARETHA C. WILLIAMS,

*Plaintiff,*

v.

FIRST NATIONAL COLLECTION BUREAU, INC.,

*Defendant.*

CASE NO. 1:19-cv-02142

Hon. Sharon J. Coleman

**DEFENDANT FIRST NATIONAL COLLECTION BUREAU, INC.'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

Defendant First National Collection Bureau, Inc. ("FNCB" or "Defendant") files its *Motion to Dismiss* pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's claims with prejudice, as follows:

## INTRODUCTION

In her initial Complaint, Plaintiff Saretha Williams ("Plaintiff") alleged that FNCB's dunning letter (dated September 28, 2018) violated § 1692e(5), (10) and § 1692f of the Fair Debt Collection Practices Act ("FDCPA") by falsely communicating to Plaintiff that a judgment has been entered against her. Doc. 1 at ¶¶ 25-30. Defendant provided a copy of the judgment entered against Plaintiff and Plaintiff indicated her intention to file an amended complaint. Doc. 11.

On June 24, 2019, Plaintiff filed her Amended Complaint now alleging that FNCB's dunning letter (dated September 28, 2018) violated § 1692e(5), (10) and § 1692f of the FDCPA because it attempted to collect upon an "uncollectable" judgment and threatened to file a lawsuit against Plaintiff. Doc. 15. Plaintiff contends that the judgment was "not collectible, as it was filed

in the wrong county." *Id.* at ¶ 11. Per Plaintiff, the letter at issue, in relevant part, concerns the following two sentences:

> **This is to advise you that a judgment has been entered against you. The judgment against you has been placed with our office for collection by our client LVNV Funding, LLC.**

*Id.* at ¶ 10; *see also* **Exhibit A**.

Plaintiff's allegations are untenable because (1) this Court lacks subject matter jurisdiction over this case; (2) there was, in fact, a judgment entered against Plaintiff; and (3) neither FNCB's letter nor the language at issue indicate that Defendant threatens to file suit against Plaintiff. Consequently, Plaintiff cannot prevail on her claims that FNCB violated the FDCPA.

## STANDARD OF LAW

### A. Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss requires a court to dismiss any action for which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The Rooker-Feldman doctrine provides that lower federal courts do not have jurisdiction over claims seeking review of state court judgments in civil matters. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citing *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). The doctrine prevents "state-court losers" from suing in federal court for "injuries caused by state-court judgments" and "inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citing *Exxon Mobil v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005)); *Kelley*, 548 F.3d at 603.

### B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits

is more than a "sheer possibility." *Id.* Consequently, although well-pled factual allegations in the plaintiff's complaint is taken as true, a plaintiff must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*., at 678 (citing *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitled to relief." *Id.* at 687 (citing Twombly, 550 U.S. at 557).

## ARGUMENTS & AUTHORITIES

### A. This Court May Consider FNCB's Letter dated September 28, 2018.

This Court should consider FNCB's letter dated September 28, 2018 as part of the pleading. Any exhibits attached to a complaint, as well as documents attached to a motion to dismiss that are referred to in a complaint and central to a plaintiff's claim, are considered as part of the pleadings. *See Wright v. Assoc. Ins. Companies*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993).

Plaintiff references FNCB's letter dated September 28, 2018 as "Exhibit A, a true and correct copy of Defendant's dunning letter sent to Plaintiff dated September 28, 2018" in her Amended Complaint. Doc. 15 at ¶ 9. Moreover, the letter at issue is central to Plaintiff's claim as it is the content of the letter, upon which Plaintiff bases her claims. Doc. 15. No other representation or conduct is alleged other than the statement in FNCB's letter dated September 28, 2018. Doc. 15. Plaintiff, however, neglected to attach the letter at issue. Consequently, as an essential document referred to in Plaintiff's Amended Complaint and which is central to Plaintiff's

claims, this Court should consider FNCB's letter to Plaintiff dated September 28, 2018 attached hereto as **Exhibit A** for the purposes of this motion.

**B. This Court May Consider the Underlying State Court Judgment.**

This Court should consider the underlying state court judgment against Plaintiff as part of the pleading. Any exhibits attached to a complaint, as well as documents attached to a motion to dismiss that are referred to in a complaint and central to a plaintiff's claim, are considered as part of the pleadings. *See Wright v. Assoc. Ins. Companies*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993).

*i. The underlying state court judgment is referred to in Plaintiff's Amended Complaint and is central to Plaintiff's claims.*

The underlying state court judgment against Plaintiff is referred throughout Plaintiff's Amended Complaint and is central to Plaintiff's claim. Specifically, Plaintiff alleges that the portion of Defendant's letter which reads, "This is to advise you that a *judgment* has been entered against you. The *judgment* against you has been placed with our office for collection by our client LVNV Funding, LLC" is false and misleading because it was "not collectible, as it was filed in the wrong county." Doc. 15 at ¶¶10-11 (emphasis added); *see also, e.g.*, ¶ 12 ("Defendant's collection letter caused Plaintiff to reasonably believe . . . that a *collectible judgment* was entered against her.") (emphasis added), ¶ 13 ("Defendant attempted to mislead and deceive Plaintiff into believing that a *collectable judgment* was entered against Plaintiff in order to induce payment on the subject debt.") (emphasis added); ¶ 14 ("there was no *collectable judgment* entered against Plaintiff") (emphasis added). Plaintiff, however, does not attach the underlying state court judgment. For purposes of this motion, this Court should consider the underlying state court judgment against Plaintiff attached hereto as **Exhibit B**.

*ii. This Court Should Take Judicial Notice of The Underlying State Court Judgment.*

Alternatively, should this Court decline to consider the attached Exhibit A for purposes of this motion, this Court should take judicial notice of the underlying state court judgment. The Seventh Circuit has established that a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012). Consequently, this Court may consider the underlying state court judgment in deciding this motion for judgment on the pleadings.

**C. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims, Because The Rooker-Feldman Bars This Court from Determining That The State Court Erred By Issuing A Judgment Against Plaintiff.**

This Court should dismiss Plaintiff's claims under Rule 12(b)(1). The Rooker-Feldman doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citing *Remer v. Burlington Area Sch. Dist*, 205 F.3d 990, 996 (7th Cir. 2000)). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983). A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court. *See GASH Assocs. v. Village of Rosemont, III*, 995 F.2d 726, 727 (7th Cir. 1993).

Plaintiff's claims are inextricably intertwined with the underlying state court judgment. Central to Plaintiff's § 1692e and § 1692f claims lie Plaintiff's allegations that "Defendant's collection letter falsely communicated to Plaintiff that a judgment has been entered against her when in fact no collectable judgment was entered against her." Doc. 15 at ¶ 27; *see also* ¶ 28 ("Defendant violated §1692e(5) when it threatened to take legal action against Plaintiff, when it had no intentions on taking such actions and took no legal actions, *as Defendant could not collect*

*on the Judgment entered*.") (emphasis added); ¶ 29 ("Defendant's collection letter erroneously and deceptively indicated that a valid judgment had been entered against Plaintiff when no such judgment existed, *as the judgment against Plaintiff was filed in the wrong jurisdiction*") (emphasis added); ¶ 30 ("collection letter threatens legal actions against Plaintiff if the subject debt was not satisfied and falsely *stated that a collectable judgment was entered against Plaintiff*.") (emphasis added). The judgement at issue concerns a state court action styled and numbered, *Arrow Financial Services, LLC. v. Saretha C. Williams* in the Circuit Court of Cook County, Illinois (No.2010-M-1104802). **Exhibit B**. Plaintiff complains that FNCB made false, deceptive and misleading representations or threats through its letter and its reference to the underlying state court judgment as it was allegedly entered in the wrong county. *See, e.g.*, Doc. 15 at ¶ 27 ("Defendant's collection letter falsely communicated to Plaintiff that a judgment has been entered against her when in fact no collectable judgment was entered against her."); at ¶ 11 ("Despite Defendant's contention that a collectable Judgment has been entered against Plaintiff, Defendant's Judgment was not collectable, as it was filed in the wrong county.").

In essence, Plaintiff complains of the injuries caused by the underlying state court judgment—that the judgment was obtained in an incorrect venue—and invites this Court to review and reject the underlying state court judgment. For this Court to evaluate Plaintiff's claims, this Court must necessarily determine whether the underlying state court judgment was filed in the incorrect venue as therein lies the alleged falsity, deception or misrepresentation in the present suit. *See* Doc. 15. Whether or not the underlying state court judgment was obtained in the correct or incorrect county is not for this Court to decide. Such claims are the very claims barred by the Rooker-Feldman doctrine. Consequently, this Court should this Plaintiff's Amended Complaint in its entirety.

**D. Alternatively, This Court Should Dismiss Plaintiff's § 1692e and § 1692f Claims For Failure To State A Claim Upon Which Relief Can Be Granted.**

Plaintiff's FDCPA claims are predicated upon the absence of a "collectible" judgment against her and an alleged threat to file a lawsuit against Plaintiff if she did not resolve the debt. *See, e.g.*, Doc. 15 at ¶¶ 11, 27, 28, 29 and 30. Both allegations fail as a matter of law.

*i. The unsophisticated debtor standard.*

When assessing an FDCPA claim, the Seventh Circuit views the claim through the eyes of an "unsophisticated debtor." *McMillan v. Collection Professionals Inc*., 455 F.3d 754, 758 (7th Cir. 2006) (citing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). This standard presumes that the average debtor "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc*., 211 F.3d 1057, 1060 (7th Cir. 2000). Additionally, "as a matter of law, [courts] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan*, 455 F.3d at 758.

*ii. There was a valid judgment entered against Plaintiff.*

Even under the unsophisticated debtor standard, however, FNCB's letter does not violate § 1692e or § 1692f of the FDCPA. The letter and specifically, the language at issue states: "This is to advise [Plaintiff] that a judgment has been entered against [Plaintiff]. The judgment against [Plaintiff] has been placed with [FNCB] for collection by [FNCB's] client LVNV Funding, LLC. **Exhibit A**; Doc. 15 at ¶ 10. A judgment was entered against Plaintiff on June 8, 2010 in the matter of *Arrow Financial Services, LLC. v. Saretha C. Williams* in the Circuit Court of Cook County, Illinois (No.2010-M-1104802). **Exhibit B** ("On 6-08-10 judgment was entered in this court in favor of the Plaintiff, and against the Defendant(s), whose address is: 3056 MATTHEW LN APT

D2, HOMEWOOD IL 60430-2881, in the amount of $1159.05 plus costs."). There is an underlying state court judgment. The judgment was never challenged. The judgment was never appealed. The judgment was never overturned. The judgment is valid.

Given the existence of a judgment against Plaintiff and given that the underlying state court judgement as never been challenged, no facts imaginable would support Plaintiff's claim. Consequently, this Court should dismiss Plaintiff's claims as a matter of law.

*iii. FNCB's letter does not threaten to take legal action against Plaintiff.*

Nor does FNCB's letter threaten to take legal action against Plaintiff. As stated, the language at issue states: "This is to advise [Plaintiff] that a judgment has been entered against [Plaintiff]. The judgment against [Plaintiff] has been placed with [FNCB] for collection by [FNCB's] client LVNV Funding, LLC. **Exhibit A**; Doc. 15 at ¶ 10. Plaintiff alleges that FNCB's letter and specifically, the language at issue somehow amounts to a "threat[] to file a lawsuit against Plaintiff if she did not resolve the subject debt. Doc. 15 at ¶¶ 28, 30. The language at issue merely advises Plaintiff that a judgment was entered against her and that FNCB's client placed the judgment with FNCB for collection. *Id.* There is no threat of suit in the language at issue. There is no threat of suit in the letter at issue. **Exhibit A**. Consequently, this Court should dismiss Plaintiff's claims as a matter of law. *See McMillan*, 455 F.3d at 758 ("as a matter of law, [courts] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter.").

*iv. Plaintiff's § 1692f claim fails as it is based on the same conduct as her § 1692e claim.*

Finally, with respect to Plaintiff's § 1692f claim alone, Plaintiff's § 1692f claim is further deficient because the claim is for the same allegations as Plaintiff's complaint under § 1692e. Although the Seventh Circuit has not ruled on this specific issue, district courts throughout have

held that a 1692f claim is deficient if it fails to identify a misconduct beyond that which is asserted in its other FDCPA claims. *See, e.g.*, *Rush v. Portfolio Recovery Assocs. LLC*, 977 F.Supp.2d 414, 432 (D.N.J. 2013) ("Courts have therefore determined that § 1692f cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA[.]"); *Chalik v. Westport Recovery Corp*., 677 F.Supp.2d 1322, 1329 (S.D. Fla. 2009) ("However, a claim of a violation of Section 1692f is deficient if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'") (quoting *Foti v. NCO Fin. Sys*., 424 F.Supp.2d 643, 667 (S.D.N.Y.2006)); *Masuda v. Thomas Richard & Co*., 759 F. Supp. 1456, 1461 n.10 (C.D. Cal. 1991) ("Congress employed general language to 'enable the courts, where appropriate, to proscribe . . . improper conduct which is not specifically addressed.'").

Plaintiff's § 1692f claim is based upon the alleged absence of a "collectible" judgment against her and an alleged threat to file a lawsuit against Plaintiff if she did not resolve the debt. *See* Doc. 15 at ¶ 30 ("Defendant violated §1692f by using unfair and unconscionable means to collect on the subject debt. Specifically, Defendant's collection letter threatens legal actions against Plaintiff if the subject debt was not satisfied and falsely stated that a collectable judgment was entered against Plaintiff. Defendant's conduct was unfair because it used such threats to worry Plaintiff into making a payment on the subject debt."). Her § 1692f claim is based upon the identical alleged conduct upon which she bases her § 1692e claim. Consequently, and in addition to the reasons stated above, this Court should dismiss Plaintiff's § 1692f.

## CONCLUSION

Plaintiff has already had one opportunity to amend her complaint. Plaintiff's Amended Complaint, however, continues to be deficient. The new allegations raised in her Amended

Complaint places this case at crossroads with the Rooker-Feldman doctrine. Further, there is a valid underlying state court judgment at issue in this case. Finally, regardless of how FNCB's letter is interpreted, there is no threat of suit against Plaintiff. Accordingly, this Court should dismiss Plaintiff's Amended Complaint with prejudice.

WHEREFORE, Defendant First National Collection Bureau, Inc. respectfully requests that this Court grant its Motion to Dismiss, dismiss all claims against Defendant with prejudice, and for any other relief Defendant is entitled to at law or in equity.

Dated: July 2, 2019.                              Respectfully Submitted,

MALONE FROST MARTIN PLLC

/s/ *Robbie Malone*
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
PATRICK A. WATTS,
Missouri State Bar No. 61701
Email: pwatts@mamlaw.com
JIN S. SHIN
Texas State Bar No. 24096295
Email: jshin@mamlaw.com
8750 North Central Expressway, Suite 1850
Dallas, Texas 75231
TEL: (214) 346-2630 | FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT
FIRST NATIONAL COLLECTION
BUREAU, INC.***

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to Plaintiff's counsel on this 2nd day of July, 2019.

Alexander James Taylor
Omar T. Sulaiman
Marwan R. Daher
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com

/s/ Jin S. Shin
JIN S. SHIN